# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 95-10265
Summary Calendar

DONALD R. HARRIS,

Plaintiff-Appellant,

versus

JOE DONALDSON, DR., ET AL.,

Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Texas
(2:93-CV-230)

November 3, 1995

Before POLITZ, Chief Judge, HIGGINBOTHAM and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Donald R. Harris, a Texas state prisoner, appeals the magistrate judge's dismissal

under 28 U.S.C. § 1915(d) of his *pro se in forma pauperis* civil rights action against Dr. Joe

Donaldson and the adverse summary judgment in favor of Coronado Hospital and Health,

Inc. and Warden Darwin D. Sanders. Finding no error, we affirm.

Background

---

[*]Local rule 47.5 provides: "The publication of opinions that have no precedential value
and merely decide particular cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal profession." Pursuant to that Rule,
the Court has determined that this opinion should not be published.

Harris invoked 42 U.S.C. § 1983 claiming deliberate indifference to his serious medical needs as a diabetic. The magistrate judge first conducted a **Spears**[1] hearing and then proceeded to hear the matter by consent of the parties.[2] Harris made an aborted attempt to supplement his complaint but did not file a proper motion when he could have and failed to articulate an actionable claim against Dr. Donaldson. Warden Sanders and the hospital sought and were granted summary judgment. Demands against Dr. Donaldson were dismissed as frivolous under 28 U.S.C. § 1915(d). Harris timely appealed.

Analysis

Harris first contends that the magistrate judge erred by denying him an opportunity to amend his complaint. He was given that opportunity but his motion was untimely and inadequate. Apprised of this failure, Harris did not attempt to file a proper motion and supplement, nor did he respond to the magistrate judge's invitation to articulate his complaint against Dr. Donaldson. We perceive neither error nor abuse of discretion in these rulings.[3]

Harris next contends that the trial court erred in granting summary judgment rejecting his claim of deliberate indifference to his serious medical needs. Summary judgment is reviewed *de novo*.[4] One seeking such is entitled to judgment as a matter of law only if there is no genuine issue of material fact.[5] Summary judgment should be granted whenever the

---

[1] **Spears v. McCotter**, 766 F.2d 179 (5th Cir. 1985).

[2] 28 U.S.C. § 636(c).

[3] **Davis v. United States**, 961 F.2d 53 (5th Cir. 1991) (holding that a district court's decision to grant or deny leave to amend is reviewed under the abuse of discretion standard).

[4] **Thompson v. Georgia Pacific Corp.**, 993 F.2d 1166 (5th Cir. 1993).

[5] Fed.R.Civ.P. 56(c).

movant demonstrates "an absence of evidence to support the non- moving party's case."[6]

When the defendant moves for summary judgment the plaintiff must "make a showing sufficient to establish the existence of [the] element[s] essential to the plaintiff's case, and on which [the plaintiff] will bear the burden of proof at trial."[7]

Harris alleges that he was denied proper health care for his diabetes. For an inmate to establish an unconstitutional denial of medical treatment he must show that care was denied or so delayed as to constitute deliberate indifference to his serious medical needs.[8] The Supreme Court has defined deliberate indifference as "subjective recklessness" and

> [a] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.[9]

We have held that "[i]t is firmly established that negligent or mistaken medical treatment or judgment does not implicate the eighth amendment and does not provide the basis for a civil rights action."[10] Furthermore, "unsuccessful medical treatment does not give rise to a § 1983 cause of action" nor does "mere negligence, neglect or medical malpractice."[11]

We view the summary judgment evidence in the light most favorable to Harris and find no valid basis for a claim of deliberate indifference. The record reflects that from

---

[6]**Celotex Corp. v. Catrett**, 477 U.S. 317, 325 (1986).

[7]**Id.** at 322.

[8]See **Estelle v. Gamble**, 429 U.S. 97 (1976); **Varnado v. Lynaugh**, 920 F.2d 320 (5th Cir. 1991).

[9]**Farmer v. Brennan**, 114 S.Ct. 1970, 1980 (1994).

[10]**Graves v. Hampton**, 1 F.3d 315, 319 (5th Cir. 1993).

[11]**Varnado**, 920 F.2d at 321.

November 1992 through August 1994 Harris received continuing medical treatment. His blood sugar level was monitored on a daily basis and his insulin dose was adjusted accordingly. His medical records reflect that medical personnel advised him on diet, exercise, and the effects of long term high blood sugar. Harris consulted with a registered dietician on February 26, 1993, May 27, 1993, September 29, 1993, June 7, 1994, and July 5, 1994. He also received diet cards for approved American Diabetes Association low fat diets and periodic calorie count adjustments. Harris may quarrel with the quality and quantity of his medical treatment but he cannot establish the requisite deliberate indifference required for a constitutional complaint.

Harris next contends that the magistrate judge erred by dismissing as frivolous his claim against Dr. Donaldson. A complaint filed *in forma pauperis* may be dismissed if it is frivolous.[12] A complaint is frivolous "where it lacks an arguable basis either in law or in fact."[13] The complaint against Dr. Donaldson qualifies for dismissal under 28 U.S.C. § 1915(d).

Finally, Harris maintains that the trial court erred by denying his request for appointment of counsel. Civil rights litigants are entitled to appointment of counsel in cases involving "exceptional circumstances."[14] Factors to be considered, among others, are the complexity of the issues and the plaintiff's ability to represent himself adequately.[15] We do not find any exceptional circumstances in this case and hold that the magistrate judge did not abuse his discretion in denying the motion for appointment of counsel.

---

[12]28 U.S.C. § 1915(d); **Eason v. Thaler**, 14 F.3d 8 (5th Cir. 1994).

[13]**Denton v. Hernandez**, 504 U.S. 25, ___ (1992).

[14]See **Ulmer v. Chancellor**, 691 F.2d 209, 212 (5th Cir. 1992).

[15]**Id.** at 213.

The same applies to Harris' motion for appointment of counsel on appeal. That motion is DENIED.

The judgment appealed is AFFIRMED.